IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NORMAN WILFONG, III                    *

           Plaintiff        *

        vs.                    *    CIVIL ACTION NO. MJG-11-3766

NORFOLK DREDGING COMPANY               *

         Defendant        *

*        *        *        *        *        *        *        *        *

MEMORANDUM AND ORDER

The Court has before it Defendant's Motion to Transfer
Venue to the Eastern District of Virginia [Document 10], and the
materials submitted relating thereto.  The Court finds that a
hearing is unnecessary.

Plaintiff, Norman Wilfong, III ("Plaintiff"), was injured
in an accident occurring in the harbor of Norfolk, Virginia, was
treated for injuries for three weeks in that city, is now
residing in Chesapeake City, Maryland, and will have further
treatment in Maryland, Delaware, and Pennsylvania.  The instant
case was filed in this Court and would be tried in this Court's
Courthouse in Baltimore, Maryland.

Defendant, Norfolk Dredging Company ("Defendant"), seeks to
have the Court transfer the case to the Eastern District of
Virginia, Norfolk Division, because, according to Defendant:

    (a)   The majority of likely witnesses in this case are located in the Eastern District of Virginia [];

    (b)   The barge "Choctaw" and its appurtenances alleged to have caused the injuries are located in the Eastern District of Virginia, if it should become necessary for the parties or the jury to examine such equipment;

    (c)   There are fewer obstacles to a fair trial in that District;

    (d)   The case can proceed less expensively and more expeditiously in that District; and

    (e)   A Maryland jury should not be burdened with deciding a case about an incident that occurred in Virginia.

Def.'s Mot. 3.

Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."

In Dow v. Jones, 232 F. Supp. 2d 491, 499 (D. Md. 2002), this Court stated:

> The standards for transfer are: (1) the transferee court must be a court in which the action could have been brought initially; (2) the transfer must be convenient to the parties and witnesses; and (3) the transfer must be in the interest of justice.  Further, "unless the balance is strongly in favor of the defendant,

> the plaintiff's choice of forum should
> rarely be disturbed."

Id. (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); other citations omitted).

This case could have been filed in the Eastern District of Virginia, but Plaintiff chose not to.

As discussed herein, Defendant has not presented valid reasons for the Court to give preference to Defendant's choice of forum. It is, of course, possible that the lineup of actual trial witnesses who need to be compelled to appear at trial and the actual need for a jury (or court) view of the barge may warrant a change in place of trial. However, at present, it is not at all clear that the actual trial content would sufficiently favor Norfolk over Baltimore.

Nor does there appear to be a valid reason to favor Norfolk over Baltimore with regard to pretrial proceedings that may require court appearances. Indeed, to the extent that the Plaintiff himself would be present in court, Baltimore is far closer to his home than Norfolk.

Only a brief discussion of Defendant's stated reasons for the transfer at this time is necessary.

A.    Location of Witnesses

As noted above, the parties disagree as to which issues will actually be tried and who would be the actual trial witnesses.  Until such time as the witnesses can be identified or reliably predicted, it is not possible to determine the effect, if any, of the differences in subpoena range and the relative cost of bringing witnesses to the place of trial.

B.    The Barge

In regard to pretrial matters, the place of trial is immaterial.  All who wish to inspect the barge will, necessarily, have to travel to the barge location. In regard to the trial, there could be a factor favoring transfer if a jury view of the barge – as distinct from reliance upon photographs and equivalents – were necessary.   However, the significance, if any, of this factor cannot now be determined.

C.    Obstacles to Fair Trial

In this category, Defendant repeats its position regarding the availability of compulsory process.  As noted above, it is not now possible reliably to determine the extent to which, if at all, there would be a difference in the respective court's subpoena range in regard to actual trial witnesses.

4

D.   <u>Less Expense</u>

Defendant asserts that the rapid pace of the Eastern District of Virginia will serve to reduce expenses.  However, this Court will determine the schedule for the case upon consideration of the positions of both sides.  There is no reason why this Court could not and would not – if it determines it to be appropriate – have this case proceed to trial on the same pace as it would in the Eastern District of Virginia.  However, if this Court finds that justice requires a pace less rapid than would the Eastern District of Virginia, the Court would not transfer the case over Plaintiff's objection and substitute speed for fairness.

E.   <u>Burdening the Jury</u>

In the motion, Defendant graciously notes its concern for the burden on Maryland jurors who would, senselessly according to Defendant, have to devote their time and effort to resolving a case concerning an accident occurring in Virginia.  Perhaps Defendant is basing its concern for Maryland jurors on the fact that Plaintiff is not a native of Maryland.  However, the Plaintiff has resided in Maryland for the 27 years since he came to the state at age three, and is likely to reside there for the rest of his life.  Accordingly, it could be viewed as not an

excessive burden, or "senseless" for a Maryland jury to decide
the extent to which, if at all, Plaintiff should recover from
Defendant.

    F.  <u>Additional Arguments</u>

 Defendant's additional arguments, essentially reiterations
of the witness convenience theme and "filler," are unpersuasive.

    G.  <u>Conclusion</u>

Although it presently appears unlikely, it is possible that
there could be a reasonable basis for consideration of a change
of venue at a later stage of the case.  However, the Court does
not find a change of venue warranted at present.

    Accordingly:

       1.   Defendant's Motion to Transfer Venue to the
           Eastern District of Virginia [Document 10] is
           DENIED.

       2.   Plaintiff shall arrange a telephone conference to
           be held by May 11, 2012 to discuss the Scheduling
           Order that shall be issued thereafter.

    SO ORDERED, on <u>Wednesday, April 25, 2012</u>.

                      /s/
                  Marvin J. Garbis
           United States District Judge

6