Law Offices
**CRENSHAW, WARE & MARTIN, P.L.C.**
150 West Main Street, Suite 1500
Norfolk, Virginia 23510

Telephone (757) 623-3000
Facsimile (757) 623-5735

James L. Chapman IV
Email: jchapman@cwm-law.com
Also licensed in North Carolina

October 9, 2013

**VIA ECF**

The Honorable Marvin J. Garbis
United States District Court
District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

    Re:    *Norman Wilfong, III v. Norfolk Dredging Company*
            Civil Action No. 1:11-cv-3766-MJG

Dear Judge Garbis:

    This firm represents Norfolk Dredging Company ("Norfolk Dredging") in the above-referenced action.

    The parties have worked diligently to arrange a visual inspection of the barge CHOCTAW on October 18, 2013 on the navigable waters near Fire Island, New York, where the CHOCTAW is being used on an emergency dredging and beach nourishment project. The CHOCTAW is located offshore for dredging operations. In addition to accommodating plaintiff's attorneys and experts while onboard the CHOCTAW, Norfolk Dredging must also provide a separate transport vessel to take them to and from the barge.

    Unlike employees of Norfolk Dredging, plaintiff's representatives are not trained in company procedures or vessel operations. They are unfamiliar with the CHOCTAW and the transport vessel. While it is unlikely that they would be injured, there are dangers present in vessel operations, especially to untrained personnel. Because of this, plaintiff's representatives have been requested to execute the Vessel Boarding Agreement as a condition of conducting the inspection. Norfolk Dredging routinely requires such an agreement from individuals not associated with the company who go aboard its vessels.

    The fact that plaintiff's representatives are boarding the CHOCTAW incidental to a Rule 34 inspection is not a reason to waive this legitimate requirement. The Fourth Circuit recognizes that an inspection can create great burdens and dangers for a party. *See Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904 (4th Cir. 1978). In *Belcher*, the Fourth Circuit made clear that because of the unique nature of inspections, "the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the



*Celebrating 90 Years 1923 - 2013*

The Honorable Marvin J. Garbis
*Wilfong v. Norfolk Dredging Company*
Civil Action No. 1:11-cv-3766-MJG
October 9, 2013
Page 2 of 2

inspection." *Id.* at 908. In contrast to the cases cited by plaintiff, more recent cases have recognized these same concerns and, relying on *Belcher*, concluded that a party may require the inspecting party to first execute a waiver of liability. *See, e.g., Schofield v. United States Steel Corp.*, 2005 U.S. Dist. LEXIS 30478, at *7 (N.D. Ind. Nov. 7, 2005) (holding that defendant "may require the Plaintiff and his representatives to sign a waiver of liability before the inspection" of defendant's industrial plants).

For more than 20 years, I have represented Norfolk Dredging Company in numerous lawsuits. The Company has always required experts and attorneys (myself included) to sign a Boarding Agreement as a condition of the inspection. Not once has opposing counsel or his experts refused to do so.

Plaintiff's counsel was advised of the requirement of a signed Boarding Agreement on August 26, 2013. Up to this point, the parties have worked together to arrange for the inspection and conduct it without involving the Court. However, in this circumstance, Norfolk Dredging is being asked to allow an inspection without the customary protection of the required Boarding Agreement. Norfolk Dredging respectfully requests that a protective order pursuant to Rule 26(c) be entered requiring that everyone who is not a company employee who is going to attend the requested inspection sign the Boarding Agreement before being permitted to board the transport vessel and the CHOCTAW.

Very truly yours,

James L. Chapman, IV *

JLC/khl
* admitted *pro hac vice*

cc:   By ECF & e-mail
      Andrew V Buchsbaum, Esq.* (abuchsbaum@friedmanjames.com)
      Bernard Douglas Friedman, Esq.* (bfriedman@friedmanjames.com)
      John Paton James, Esq.* (jjames@friedmanjames.com)
          FRIEDMAN, JAMES & BUCHSBAUM, LLP
          132 Nassau St.
          New York, NY 10038
      James D Skeen, Esq. (jskeen@skaufflaw.com )
          911 N. Charles Street
          Baltimore, Maryland 21201
          *Counsel for Norman Wilfong, III*
      *admitted *pro hac vice*



*Celebrating 90 Years 1923 - 2013*